UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------

KYLE MATTHEWS,

                              Plaintiff,            **COMPLAINT - CIVIL AND ADMIRALTY**
                                                    **IN REM and IN PERSONAM**

v.

ROUND 2 LOBSTER CO. INC., as the
owner of the F/V MCKINLEY, and the
F/V MCKINLEY, *in rem*.

                              Defendants.

------------------------------------------------------------

## JURY TRIAL DEMANDED

Plaintiff, KYLE MATTHEWS, claims of the defendants, ROUND 2 LOBSTER CO.

INC., as the owner of the F/V MCKINLEY and the F/V MCKINLEY, *in rem*, damages upon the

following causes of action:

## PARTIES AND FACTUAL STATEMENTS

1.      Plaintiff, KYLE MATTHEWS, (hereinafter, "plaintiff") is a citizen of the State of

        Massachusetts and at all relevant times is and was a seaman within the meaning of that

        term as used in the Jones Act, 46 U.S.C.§ 30104.

2.      Defendant, ROUND 2 LOBSTER CO. INC., (hereinafter "Round 2 Lobster") is a

        domestic profit corporation incorporated in the State of Massachusetts and was/is doing

        business in the state in which this District Court sits.

3.      Upon information and belief the defendant, Round 2 Lobster, has a principal place of

        business at 1708 State Rd., Plymouth, MA 02360.

4.    Upon information and belief Robert M. Duseau is the president of the company and named defendant, Round 2 Lobster.

5.    The jurisdiction of this Court over the First Cause of Action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the Admiralty jurisdiction of the United States under 28 U.S.C. §1333.   Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

6.    On or about November 1, 2018, defendant Round 2 Lobster owned the F/V McKinley (hereinafter, "the vessel").

7.    On or about November 1, 2018, defendant Round 2 Lobster operated the F/V McKinley.

8.    On or about November 1, 2018, defendant Round 2 Lobster managed the F/V McKinley.

9.    On or about November 1, 2018, defendant Round 2 Lobster controlled the F/V McKinley.

10.   On or about November 1, 2018, defendant Round 2 Lobster possessed the F/V McKinley.

11.   At all times material hereto, defendant Round 2 Lobster was the vessel's bareboat charterer, and/or was the owner pro hac vice thereof, in coastwise, inter-coastal and foreign commerce.

12.   The vessel is presently is, or during the pendency of this action, will be within the Federal Judicial District in which this action has been commenced.  Under the maritime law, the vessel *in rem* is liable for maritime torts committed by it and its owner(s) and operator(s).

Plaintiff's claims herein assert maritime tort(s) against the vessel, which accordingly makes the vessel liable to plaintiff, *in rem.*

13.    On or about November 1, 2018, plaintiff was in the employ of the defendant Round 2 Lobster as a seaman and a member of the crew of the F/V McKinley at the rate of pay and for the term set forth in his employment contract.

## AS FOR A FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE

14.    Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

15.    On or about November 1, 2018, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendant, was caused to sustain the serious injuries more specifically set forth hereunder.

16.    On or about November 1, 2018, plaintiff, while in the course of his employment, and with the consent and knowledge of the defendants, was performing labors in furtherance of the vessel's owner's business.  While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

17.    On or about November 1, 2018, plaintiff severely and permanently injured his pudendal nerve and surrounding soft tissue after he fell off a fiber-glass ladder aboard the F/V McKinley.  Plaintiff was caused to fall off the fiber-glass ladder, while loading lobster trawls into the rope locker, because the fiber-glass ladder cracked in half when plaintiff was on it.

18.    The defendant had a non-delegable duty to provide plaintiff a safe place to work.

19.   Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment and maintenance and cure

20.   Solely by reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he sustained injury to his cervical spine; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings and loss of maritime found.

21.   By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

### AS FOR A SECOND CAUSE OF ACTION - UNSEAWORTHINESS.

22.   Plaintiff adopts each and every one of the allegations made above as if fully stated herein.

23.   On or about November 1, 2018, while the vessel was in the navigable waters, plaintiff in the course of his employment, pursuant to orders and while in the performance of his

duties, because of the unsafe and unseaworthy conditions of the vessel, for which the defendant(s) is liable and was caused to sustain the serious injuries more specifically set forth hereunder.

24. On or about November 1, 2018, plaintiff, while in the course of his employment, and with the consent and knowledge of the defendants, was performing labors in furtherance of the vessel's owner's business.  While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein, due to the unseaworthiness of the vessel.

25. The vessel was unseaworthy in various aspects, including but not limited to the fact that it was not fit for its intended purposes; the fiber-glass ladder was defective and dangerous; the officers and crew were not sufficient nor equal in competence to the ordinary worker of the calling and such other defects, faults, hazards and unseaworthy conditions as the evidence shall reveal.

26. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

27. Plaintiff's injuries were caused by the negligence of the defendants jointly and severally, by their agents, servants, workmen and employees and by the unseaworthiness of the vessel, and by the defendants' breach of their obligation to provide prompt and adequate medical care, treatment, maintenance and cure.

28. By reason of the negligence of the defendants jointly and severally, and the unseaworthiness of the vessel as set forth above plaintiff suffered the serious and permanent injuries described above.

29. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be

determined by the trier of fact.

## AS FOR A THIRD CAUSE OF ACTION: MAINTENANCE AND CURE

30.    Plaintiff claims of the defendants maintenance, cure and wages, and if warranted,

punitive damages and attorney fees, in such amount as may be determined by the Court

upon the following causes of action.

31.    Plaintiff repeats and realleges each and every of the foregoing allegations with the same

force and effect as if fully set forth and repeated herein.

32.    The jurisdiction of this Court over this third cause of action arises under and by virtue of

the Admiralty jurisdiction of the District Courts of the United States.

33.    Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure

which is unpaid.

34.    Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and

wages and, if warranted, punitive and exemplary damages and attorney fees in an amount

which the Court shall deem just and proper upon the trial of this cause.

35.    All and singular, the premises contained in the third cause of action are true and within

the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.


**WHEREFORE**, plaintiff prays that judgment be entered against the defendants, and,

1.    That a warrant of arrest issue against the vessel, her boilers, engines, tackle,

appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to

appear and answer all the matters aforesaid;

2.    That citation issue against defendant, ROUND 2 LOBSTER CO. INC., as the

owner of the F/V MCKINLEY, and the F/V MCKINLEY, to appear and answer all the matters aforesaid as the vessel is liable for *in rem*;

3.      That this Honorable Court enter judgment for plaintiff in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4.      That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5.      That judgment be entered against the defendant for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated:                                              HUNT & VIVEIROS, LLC
     May 25, 2021                          *Attorneys for Plaintiff Kyle Matthews*

                                   By: */s/ Matthew Viveiros*
                                   Matthew Viveiros (#674224)
                                   18 N. Water Street
                                   New Bedford, MA 02740
                                   Tel: 508-994-7300
                                   Fax: 508-984-0755
                                   mv@huntviveiroslaw.com

                                  -AND-

                                   HOFMANN & SCHWEITZER
                                   *Attorneys for Plaintiff Kyle Matthews*
                                   By: Paul T. Hofmann
                                   212 West 35th Street, 12th Floor
                                   New York, NY 10001
                                   Tel: (212) 465-8840
                                   Fax: 212-465-8849
                                   paulhofmann@hofmannlawfirm.com
                                   Applying for Admission *Pro Hac Vice*